# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LOUIS PEASLEY,

              Appellant,

      v.

SMALL BUSINESS
    ADMINISTRATION,

              Agency.

DOCKET NUMBER
DC-0752-15-0305-I-1

DATE: October 23, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Louis Peasley</u>, Springfield, Virginia, pro se.

<u>Claudine Landry</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In February 2014, the appellant transferred to the agency to accept a Supervisory Financial Program Analyst position.  Initial Appeal File (IAF), Tab 7 at 216.   Beginning in October 2014, the appellant submitted three written resignations.  *Id*. at 65, 106, 118, 125.  He withdrew the first two requests.  *Id*. at 106, 118, 120-21.   His third and final resignation letter was effective December 8, 2014.  *Id*. at 65.  The agency processed the appellant's separation accordingly.  *Id*. at 57, 59, 62.

¶3    The appellant filed a Board appeal in January 2015, checking the boxes to indicate that he was challenging a negative suitability determination and constructive discharge.  IAF, Tab 1 at 3.  He also indicated that he had filed a whistleblower complaint with the Office of Special Counsel (OSC) in October 2014, but that he had not received notification that it had made a decision or terminated its investigation.  *Id*. at 4.  The appellant provided a narrative explanation of his allegations, including claims of disability discrimination and whistleblower reprisal, along with corresponding evidence.  *Id*. at 5, 7-24.

¶4    The administrative judge issued a show cause order, directing the appellant to meet his jurisdictional burden.  IAF, Tab 3.  She provided information about his burden with respect to suitability and involuntary resignation appeals.  *Id*. at 1-5.  The administrative judge also noted that it was unclear if the appellant was attempting to file an individual right of action (IRA) appeal pursuant to 5 U.S.C. § 1221, and informed him that, if that was his intent, he could file a separate appeal after exhausting his administrative remedy with OSC.  *Id*. at 1 n.1.

¶5    After permitting the appellant to submit further argument and evidence, the administrative judge denied his request for a hearing and dismissed his appeal,

finding that he failed to present nonfrivolous allegations of Board jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency filed a response, and the appellant filed an untimely reply.[3] PFR File, Tabs 3, 6.

## The administrative judge failed to address the appellant's filing of an equal employment opportunity (EEO) complaint.

¶6      Below, the agency asserted that the appellant filed a formal EEO complaint alleging hostile treatment and constructive discharge on December 4, 2014, prior to filing this appeal. IAF, Tab 7 at 28. The appellant did not dispute this assertion. However, the administrative judge failed to further develop or address the issue.

¶7      When an employee who has been affected by an action that is appealable to the Board believes that the action was the result of prohibited discrimination, he must elect between filing a mixed-case complaint with the agency or filing a mixed-case appeal directly with the Board, and whichever is filed first is considered an election to proceed in that forum. *Shapiro v. Department of Veterans Affairs*, 114 M.S.P.R. 585, ¶ 7 (2010); 5 C.F.R. § 1201.154; *see* 29 C.F.R. § 1614.302(b). The same applies to claims of prohibited discrimination in the context of an alleged constructive action. *Shapiro*, 114 M.S.P.R. 585, ¶ 7; *see Ball v. Department of Veterans*

---

[2] The appellant titled his filing as "reopening an appeal dismissed without prejudice." PFR File, Tab 1 at 1. The Clerk of the Board notified the appellant that the initial decision did not dismiss his appeal without prejudice, so his filing would be construed as a petition for review. PFR File, Tab 2 at 1.

[3] The Clerk of the Board informed the appellant that he could submit a reply within 10 days after the date of service of an agency response. PFR File, Tab 2 at 1. The agency served the appellant with its response on June 5, 2015. PFR File, Tab 3 at 13. On June 16, 2015, the appellant requested an extension of time to reply, but because the appellant was already untimely, the Clerk of the Board denied that request. PFR File, Tab 4 at 3, Tab 5 at 1. Despite that denial, the appellant submitted a reply on June 24, 2015, more than 1 week after the deadline for doing so. PFR File, Tab 6. We have not considered this untimely reply.

*Affairs*, 68 M.S.P.R. 482, 484 (1995) (observing that an appellant's election in a construction resignation appeal was not binding if it was made without knowledge of her options).  If an employee elects to file his complaint with the agency, the right to subsequently pursue the matter before the Board vests when the agency issues a final decision on the discrimination complaint or 120 days have passed since the filing of the complaint.  *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶¶ 12-13 (2014).

¶8        Under the circumstances presented here, it appears that the appellant may now choose to proceed before the Board regardless of the status of his EEO complaint.  *See Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶¶ 15-16 (2007) (forwarding a petition for review for docketing as a refiled removal appeal where 120 days had passed since the appellant filed an EEO complaint regarding her removal); 5 C.F.R. § 1201.154(c) (providing that an administrative judge will dismiss a premature mixed-case appeal without prejudice to its later refiling, or alternatively, may hold an appeal for a short time to allow it to become timely).  On remand, the administrative judge should verify that the appellant filed a formal EEO complaint concerning his constructive removal claim.  If so, the administrative judge should confirm that the appellant is now electing to proceed before the Board.

The administrative judge must reconsider the appellant's potential whistleblower retaliation claim.

¶9        As previously discussed, the appellant's initial appeal indicated that he filed a whistleblower complaint with OSC.  IAF, Tab 1 at 4.  The administrative judge informed the appellant that he could file a separate IRA appeal without notifying him of the corresponding jurisdictional burden or considering if the appellant was attempting to raise an affirmative defense to his alleged involuntary resignation claim. *Id.*

¶10       Under 5 U.S.C. § 7121(g), an employee who claims to have suffered whistleblowing reprisal regarding an adverse action may elect no more than one

of the following remedies: a direct appeal to the Board; a negotiated grievance procedure pursuant to 5 U.S.C. § 7121; or a request for corrective action under 5 U.S.C. chapter 12, subchapters II and III, i.e., an OSC complaint, potentially to be followed by an IRA appeal. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 17 (2015). Ordinarily, an individual who first requests corrective action from OSC will be deemed to have made a binding election to proceed in that forum. 5 U.S.C. § 7121(g)(4)(C). In such a case, the jurisdictional requirements for an IRA appeal apply, even if the contested personnel action would have been directly appealable to the Board. *Savage*, 122 M.S.P.R. 612, ¶ 17. This principle applies equally to alleged constructive actions. *Id*. However, an election under 5 U.S.C. § 7121(g) is binding only if made knowingly and voluntarily. *Id*., ¶ 18. Therefore, the administrative judge erred in failing to obtain information regarding the nature of the appellant's OSC complaint and to clarify if the appellant was raising whistleblower reprisal as an affirmative defense in this constructive adverse action appeal or attempting to bring a separate IRA appeal regarding a distinct personnel action.

¶11      On remand, the administrative judge must develop the record concerning the appellant's whistleblower complaint to OSC. If his OSC complaint challenged a distinct personnel action, the regional office should docket a separate, now-ripe IRA appeal and provide the appellant with the appropriate burden for establishing jurisdiction.[4] *See Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶¶ 6-7 (2010) (discussing the OSC exhaustion requirement for IRA appeals and the Board's practice of adjudicating an appeal that becomes ripe while pending with the Board). However, if the OSC complaint pertains to the constructive removal claim currently before us, the administrative

---

[4] The appellant indicated that he filed his OSC complaint in "10/2014." IAF, Tab 1 at 4. His first two letters of resignation, though later withdrawn, were dated October 6 and 22, 2014. IAF, Tab 7 at 118, 125. The appellant's final letter of resignation was dated December 8, 2014, and effectuated the same day. *Id*. at 57, 65.

judge must determine whether that complaint constitutes a binding election under 5 U.S.C. § 7121(g). *Savage*, 122 M.S.P.R. 612, ¶ 18. If the appellant made a binding election to first seek corrective action from OSC, the jurisdictional requirements for an IRA appeal apply. *Id.*, ¶ 17. If the appellant did not make a binding election by first seeking corrective action from OSC, his claim may proceed as a direct appeal to the Board. *See id.*, ¶ 18.

The appellant presented nonfrivolous allegations of involuntariness.

¶12 The administrative judge found that the appellant failed to present nonfrivolous allegations of Board jurisdiction and, therefore, dismissed his appeal without a hearing. ID at 3-5. We find that, if the claim is properly before the Board as a chapter 75 appeal, *see supra* ¶¶ 8, 11, the appellant's involuntary resignation allegations warrant a jurisdictional hearing.[5]

¶13 The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010); 5 C.F.R. § 1201.56(b)(2)(i)(A). An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Hosozawa*, 113 M.S.P.R. 110, ¶ 5. An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Id*. A constructive adverse action claim generally has two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). The employee may overcome the presumption that a resignation is voluntary by showing that it was the result of the agency's misinformation, deception, or coercion. *Hosozawa*, 113 M.S.P.R. 110, ¶ 5.

---

[5] Although the appellant indicated that he also was disputing a negative suitability determination in his initial appeal, IAF, Tab 1 at 3, the administrative judge found that the agency did not make any suitability determination, ID at 4-5. Therefore, the administrative judge concluded that the appellant presented no basis for considering his case as an appeal of a negative suitability determination, *id.*, and we agree.

¶14 　　　To establish involuntariness on the basis of coercion, the appellant must establish that the agency imposed the terms of the resignation, he had no realistic alternative but to resign, and the resignation was the result of improper actions by the agency. *Id*. If the employee claims that his resignation was coerced by the agency's creating intolerable working conditions, he must show that a reasonable employee in his position would have found the working conditions so oppressive that he would have felt compelled to resign. *Id*. Once the appellant presents nonfrivolous allegations of Board jurisdiction—allegations of fact which, if proven, would establish the Board's jurisdiction—he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Id*.

¶15 　　　The administrative judge concluded that, while the appellant was unhappy with his supervisor and performance appraisal, his allegations did not reflect conditions so pervasively unpleasant and difficult that he had no choice but to resign. ID at 4. However, in doing so, the administrative judge failed to address many of the appellant's specific arguments, including claims of discrimination and reprisal. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 8 (2007) (observing that, in determining whether an appellant was constructively discharged, the Board will consider any evidence of discrimination or retaliation together with all the other evidence bearing on the voluntariness of a resignation).

¶16 　　　Pro se filings are to be construed liberally. *Hosozawa*, 113 M.S.P.R. 110, ¶ 7. Here, the appellant alleged that the agency singled him out to change his tour of duty, despite requests for accommodation, exacerbating a preexisting medical condition. IAF, Tab 1 at 5, 21, 24. He also submitted a letter from his treating physician, which describes a deteriorating medical condition and suggests that it may be due to his work situation. *Id*. at 13. The appellant further alleged that his supervisor, C.L., retaliated against him due to his reportedly uncovering and disclosing that C.L. had been violating agency regulations and authorizing

unlawful payments to recipients of Federal funding for years. *Id*. at 5, 8-12, 15-20, 22-24.

¶17    Under these specific circumstances, we find that the appellant has nonfrivolously alleged that his resignation was involuntary. *See Hosozawa*, 113 M.S.P.R. 110, ¶ 7 (remanding for a jurisdictional hearing where the appellant alleged, inter alia, that her resignation was involuntary because the agency denied her request for a reasonable accommodation); *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 26-29 (2004) (finding that the appellant's allegations that she was forced to retire because of harassment, whistleblower reprisal, and failure to grant her request to reassign her for medical reasons warranted a jurisdictional hearing); *Hernandez v. U.S. Postal Service*, 74 M.S.P.R. 412, 417-19 (1997) (remanding for a jurisdictional hearing as to the voluntariness of an employee's resignation where he alleged coercion based upon the agency's failure to grant a request for reasonable accommodation).  Therefore, if the administrative judge determines that the claim is properly before the Board as a chapter 75 appeal, *see supra* ¶¶ 8, 11, the appellant is entitled to a jurisdictional hearing and the administrative judge must specifically consider the appellant's claims of discrimination and retaliation as they pertain to the issue of involuntariness.  The administrative judge may consider the additional evidence the appellant submitted with his petition for review if she finds it relevant and material to the involuntariness issue.  PFR File, Tab 1 at 5-103.

## ORDER

¶18    For the reasons discussed above, we remand this appeal to the regional office for further adjudication.  In her remand initial decision, the administrative

judge may adopt her prior findings regarding the appellant's claim that he was subjected to a negative suitability determination.

FOR THE BOARD:            _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.